```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    COOKEVILLE DIVISION
```

WILLIAM CARTER KING,            )
                                )
        Plaintiff               )
                                )       No. 2:11-0117
v.                              )       Judge Sharp/Brown
                                )       **Jury Demand**
TONY CHOATE and EVELYN FAYE SMITH,)
                                )
        Defendants              )

## O R D E R

Presently pending are two motions in this matter. The first (Docket Entry 79) is a motion to obtain records from the health care for the homeless in Fort Lauderdale, Florida. No opposition has been filed to this motion.

The request is only for the production of records and does not appear to trigger Rule 45 of the Federal Rules of Civil Procedure requirements for tendering of mileage and witness fees. There is authority within the Sixth Circuit that the United States Marshals Service may be directed to serve process without payment for the Marshals Services fees for prisoners allowed to proceed *in forma pauperis*. The Plaintiff in this matter is proceeding *in forma pauperis* (Docket Entry 4). *See Lafountain v. Martin*, 210 WL 1526304 (W.D. Mich.); *Hughes v. Lavender*, 211 WL 2550740 (S.D. Ohio); *Johnson v. Hubbard*, 698 F.2d 686, 680-90 (6th Cir. 1983); and *Newsome v. Harrison*, 687 F.2d 360, 361 (W.D. Tenn. 1988).

Since the motion requests records from a clinic in the Southern District of Florida, a subpoena for those records must be issued from that Court.

The **Clerk** is directed to either issue on behalf of the Plaintiff a subpoena directing that the requested records be mailed to the Plaintiff at his current address, which is William Carter King 258469, Whiteville Correctional Facility, 1440 Union Springs Road, Post Office Box 679, Whiteville, TN 38075-0679, or to transmit the Plaintiff's request and a copy of this order to the Clerk for the Southern District of Florida with a request that they issue the subpoena from their court and that the United States Marshals Service is directed to serve such subpoena.

The Plaintiff also requests appointment of counsel (Docket Entry 82). This motion is **DENIED**. While it is undoubtedly true that appointment of counsel would assist the Plaintiff, this case does not appear to be such an exceptional case that an appointment of counsel is required.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge