UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER KING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:11-CV-0117 |
| | ) | Judge Sharp/Brown |
| TONY CHOATE, *et al.*, | ) | Jury Demand |
| | ) | |
| **Defendants.** | ) | |

### ORDER

The plaintiff has renewed his motion to depose defendants Tony Choate and Faye Smith. (Docket Entry 84) The plaintiff also has filed a motion to strike his deposition taken by the defendants on June 18, 2012. (Docket Entry 85) The defendants have filed a motion for an extension of time to file motions for summary judgment. (Docket Entry 98)

In his renewed motion to depose defendants Choate and Smith, the plaintiff claims that he will arrive in Morgan County on January 25th for a court appearance on January 28th. The plaintiff reasons that, because the Morgan County Regional Correctional Facility is only 30 minutes from Fentress County, there is time for him to depose the defendants while he is there.

The discovery deadline in this case was October 9, 2012. (Docket Entries 50-51) The plaintiff first filed motions to depose the defendants on November 8, 2012, nearly a month after the discovery deadline had passed. (Docket Entries 62-63) The plaintiff's motions were denied because they were filed "well past the discovery deadline," and because the logistics of transporting the plaintiff to Fentress County posed "serious practical difficulties." (Docket Entry 77) The Magistrate Judge stated that, in lieu of depositions, he would "allow the Plaintiff some additional questions, requests for admission, or requests for production of documents." (Docket Entry 77) Nearly two months after the deadline for discovery deadline has passed, the plaintiff again moves to depose the defendants. (Docket Entry 84)

The discovery deadline in this case has long passed. The plaintiff's motion to depose the defendants (Docket Entry 84) is **DENIED**.

The plaintiff moves next to strike his deposition taken on June 18, 2012. The plaintiff argues that the Court should strike his deposition, because the defendants have not provided him with a copy of his deposition. In an affidavit filed by Attorney Robyn Beale Williams, Attorney Williams attests that a copy of the transcript and errata sheets were forwarded to the plaintiff on January 8, 2013. (Docket Entry 96) The plaintiff's motion to strike his deposition (Docket Entry 85) is **DENIED**.

Finally, the defendants seek an extension of the time to file motions for summary judgment without providing a date certain. (Docket Entry 98) Instead, the defendants ask for a moving deadline of "one week" after the plaintiff responds to pending discovery requests. The defendants' motion (Docket Entry 98) is **GRANTED** in part and **DENIED** in part. The defendants' motion to extend the time to file dispositive motions is **GRANTED**. Their motion for a moving deadline is **DENIED**. Dispositive motions shall be due not later than March 14, 2013.

It is so **ORDERED**.

**ENTERED** this the 22nd day of January, 2013

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge