UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM CARTER KING # 258469,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-00117 |
| | ) | Judge Sharp/Brown |
| **TONY CHOATE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**To: The Honorable Kevin H. Sharp, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that: 1) defendants' motions for summary judgment (Docs. 124, 139) be **GRANTED**; 2) this case be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983; 3) the order accepting and adopting this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3); 5) any pending motions be **TERMINATED** as moot.

## I. INTRODUCTION AND BACKGROUND

Plaintiff proceeding *pro se* and *in forma pauperis* filed this lawsuit under 42 U.S.C. § 1983 on November 20, 2011.[1] (Doc. 1) Plaintiff names the following defendants to this action: Tony Choate, Sheriff of Fentress County, and Faye Smith, the nurse at the Fentress County Jail. (Doc. 1,

---

[1] The envelope in which plaintiff mailed his complaint to the district court is marked "Sealed & Sent 11/20/11." Under the mailbox rule, this is the date plaintiff is deemed to have filed his complaint. *See Brand v. Motley*, 626 F.3d 921, 925 (6th Cir. 2008)(citing *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002)).

¶ IIIB.1-2, p. 6)[2]  Plaintiff is suing defendants in both their individual and official capacities.  (Doc. 1, p. 6)  The case was referred to the Magistrate Judge on December 6, 2011.  (Doc. 4, p. 4)

Sheriff Choate filed a motion for summary judgment on March 14, 2013.  (Doc. 124)  Sheriff Choate's motion was accompanied by a supporting memorandum, a statement of undisputed material facts, and numerous supporting documents.  (Docs. 125-134)  Nurse Smith filed a motion for summary judgment on March 14, 2013 as well.  (Doc. 139)  Nurse Smith's motion also was accompanied by a supporting memorandum, a statement of undisputed material facts,[3] and other supporting documents.  (Docs. 135-36, 140-41)

Plaintiff filed a response in opposition to defendants' motions for summary judgment on April 8, 2013.  (Doc. 155)  Sheriff Choate replied on April 22, 2013.  (Doc. 168)  Nurse Smith replied on April 23, 2013. (Doc. 174) Plaintiff filed a "response" to Sheriff Choate's reply on April 29, 2013.  (Doc. 178)

On July 5, 2013, plaintiff filed a motion for an extension of time to file "a proper response" to the motions for summary judgment filed by Sheriff Choate and Nurse Smith.  (Doc. 202)  Plaintiff's motion was granted, and he was ordered to respond on or before October 4, 2013.  (Docs. 211, 230)  Plaintiff filed his amended responses to defendants' statement of undisputed facts on September 17, 2013, and again on November 11, 2013 with respect to Nurse Smith's statement of

---

[2] In those instances where the pleadings do not have page numbers, the page numbers referred to are those assigned by the court's CM/ECF system.

[3] The style of the case in Nurse Smith's supporting memorandum and statement of undisputed material facts reads "*Joshua Lee Carroll and William Carter King v. Laurel Wasik and Faye Smith*, No. 2:11-00019 (M.D. Tenn)."  At first blush it appears that these documents were filed in the wrong case.  Plaintiff previously had two separate actions against Nurse Smith pending at the same time in district court – this case and case no. 2:11-00019.  The supporting memorandum and statement of undisputed material facts at issue here pertain plaintiff's claims against Nurse Smith in this case, not to plaintiff's claims against her in case no. 2:11-00019.  Inasmuch as Nurse Smith was represented by the same attorney in both cases, it is apparent that the style of the case appearing in these documents resulted from a clerical error.

undisputed facts. (Docs. 234-35)

Defendants' motions for summary judgment are now properly before the court.

## II. STANDARD OF REVIEW

### A. 42 U.S.C. § 1983

To state a claim under § 1983, plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013). "Absent either element, a section 1983 claim will not lie." *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his constitutional rights. *Daniels*, 474 U.S. at 333-36; *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)).

### B. Summary Judgment

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P., *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 627 (6th Cir. 2008). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *U.S. ex. Rel. Wall v. Circle C Const.*, L.L.C., 697 F.3d 345, 351 (6th Cir. 2012)(quoting *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir.2006))..

The moving party has the burden of showing the absence of genuine factual disputes from

which a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First Nat. Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). "A 'mere scintilla' of evidence, however, is not enough for the non-moving party to withstand summary judgment." *Wall*, 697 F.3d at 351)(quoting *La Quinta Corp. v. Heartland Prop.*, LLC, 603 F.3d 327, 335 (6th Cir.2010) (citing *Ciminillo*, 434 F.3d at 464)).

In considering whether summary judgment is appropriate, the court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Weigel v. Baptist Hosp. Of East Tennessee*, 302 F.3d 367, 375 (6th Cir. 2002). If there is a genuine issue of material fact, then summary judgment should be denied. *Anderson*, 477 U.S. at 248. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005)(quoting *Celotex Corp.*, 477 U.S. at 325).

### III. ANALYSIS

#### A. Time Frame Relevant to the Complaint

Sheriff Choate and Nurse Smith both argue that plaintiff's claims are subject to Tennessee's one-year statute of limitations for actions brought under § 1983. (Docs. 125 ¶ III.C, pp. 21-22; 135 ¶ III, p. 15 ) Addressing defendants' statute of limitations argument here greatly simplifies the analysis that follows.

Because Congress did not establish a limitations period applicable to § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-

250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(superseded by statute on other grounds as recognized in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 379-380 (2004)); *Wolfe v. Perry*, 412 F.3d 707, 713-714 (6th Cir. 2005); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The statute of limitations for personal injury arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson*, 399 F.3d at 794.

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794. This inquiry is objective and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes*, 215 F.3d at 548.

As previously established, *supra* at p. 1 n. 1, plaintiff filed his complaint on November 20, 2011. Plaintiff does not argue that the limitations period should be tolled for any reason, nor can such an inference be liberally construed from the pleadings. Consequently, any claims that plaintiff might have had against Sheriff Choate and/or Nurse Smith prior to November 20, 2010 fall outside the one-year limitations period based on the date that plaintiff ultimately filed his complaint.

The record shows that plaintiff was released from Fentress County Jail on February 24, 2011 to participate in a rehabilitation program in Florida. (Doc. 132-1, ¶ 45) Plaintiff did not return from Florida to the Fentress County Jail until August 19, 2011. (Doc. 128, p. 60) Because plaintiff was not incarcerated in the Fentress County Jail during the period February 25, 2011 through August 18, 2011, there are no claims against Sheriff Choate or Nurse Smith under § 1983 during that period.

Finally, there is the period of time after plaintiff returned to Fentress County Jail from Florida from August 19, 2011 through November 20, 2011 when he filed his complaint. However, the record is devoid of any claims during this period against Sheriff Choate, Nurse Smith, or anyone at the Fentress County Jail.

As explained above, the case before the court pertains solely to defendants' alleged actions during the period November 20, 2010 through February 24, 2011. This is the period during which the vast majority of actions described in the complaint are alleged to have happened.

### B. Claims Against Sheriff Choate in His Individual Capacity

Plaintiff alleges that Sheriff Choate: **1)** "personally came to [his] cell" on December 6, 2010 after plaintiff had a "severe attack," "checked [his] blood pressure," which plaintiff maintains Sheriff Choate "was not medically licensed to diagnose or treat," and "stated it was not a heart attack" (Doc. 1, ¶ IV, p. 7); **2)** "threatened [plaintiff] with repercussions if [plaintiff] did not stop filing grievances and sending medical requests" (Doc. 1, ¶ IV, p. 7); **3)** put plaintiff "in fear of [his] health and safety due to the obvious neglect that he and his staff show[ed] me for my medical condition" (Doc. 1, ¶ IV, p. 8)

### 1. Sheriff Choate's Alleged Actions on December 6, 2010

Plaintiff's first claim against Sheriff Choate arises under the Eighth Amendment. "The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' to prisoners' serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Failure to provide medical care may rise to the level of a violation of the Eighth Amendment where objective and subjective requirements are met. *Flanory*, 604 F.3d at 253 (citing *Farmer v. Brennan*,

6

511 U.S. 825, 833 (1994)).

To satisfy the objective component, the injury must be sufficiently serious. *Flanory*, 604 F.3d at 253 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)(stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Estelle*, 429 U.S. at 106 (stating that "to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005)(requiring that the prisoner demonstrate more than "mere discomfort or inconvenience"). Plaintiff also must allege and show that his health actually suffered as a consequence of the alleged deliberate indifference. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

To satisfy the subjective component, the plaintiff must demonstrate that Sheriff Choate acted with "a sufficiently culpable state of mind in denying medical care," *Farmer*, 511 U.S. at 834; *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012)(citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)), "determined in light of the prison authorities' current attitudes and conduct," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Only "deliberate indifference" to serious medical needs implicates the protections of the Eighth Amendment. "Deliberate indifference" is characterized by obduracy and wantonness that is "repugnant to the conscience of mankind" — it cannot be predicated on negligence, inadvertence, or good faith error. *Estelle*, 429 U.S. 105-06; *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Reilly*, 680 F.3d at 624. For liability to attach, Sheriff Choate must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Farmer*, 511 U.S. at 837. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Reilly*, 680 F.3d at 624 (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 896 (6th Cir. 2004)).

7

Plaintiff's specific allegation in his first claim against Sheriff Choate is that Sheriff Choate was not "medically licensed to diagnose or treat" him. This claim sounds in tort under state law. It does not constitute a claim under § 1983 which applies only to alleged violations of the Constitution and/or laws of the United States. For this reason alone, plaintiff is not entitled to relief under § 1983 based on the facts alleged in his first claim against Sheriff Choate.

Although the district court is not required to apply the doctrine of liberal construction where, as here, a *pro se* plaintiff clearly specifies grounds for relief that do not arise under § 1983, *see Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003), the Magistrate Judge will address plaintiff's claims in the context of *Wilson*, *Farmer*, and *Hudson* above for the sake of completeness.

Turning to the first part of the two-part test required to make a showing of deliberate indifference, plaintiff does not allege, nor can it be liberally construed from the pleadings, that his health suffered as a consequence of Sheriff Choate's alleged actions on December 6, 2010, or that he suffered any ill effects from those alleged actions. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990)). "More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d, 567, 577 (6th Cir. 2008)(citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)). A "complaint must 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir.2007)). Moreover, "[t]he less stringent standard for *pro se* plaintiffs does not

8

compel the courts to conjure up unpleaded facts to support conclusory allegations." *Grinter*, 532 F.3d at 577 (citation omitted). Conclusory claims are subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (1995); *Erie County, Ohio v. Morton Salt, Inc.* __ F.3d __ , 2012 WL 6581676 (2012).

Having failed to allege and show that his health suffered as a consequence of Sheriff Choate's alleged actions on December 6th, plaintiff fails to establish the first part of the two-part test required to establish an Eighth Amendment claim of deliberate indifference.

Plaintiff also fails to establish the second part of the two-part test, *i.e.*, that Sheriff Choate acted with a sufficiently culpable state of mind. In that regard, Sheriff Choate states in his declaration that plaintiff "did not inform [him] that he was suffering from any serious medical condition." (Doc. 130, ¶ 4) Plaintiff supports Sheriff Choate's assertion in his June 28, 2012 deposition in which plaintiff testified that he had never informed Sheriff Choate of his medical problems, and that prisoner health matters went "through the chain of command." (Doc, 128, pp. 79, 81. 91-92) Because the evidence supports the conclusion that Sheriff Choate was not aware that plaintiff had any health problems at the time of the alleged incident on December 6th, plaintiff cannot establish that Sheriff Choate acted with the requisite culpability to establish the second part of the required two-part test to establish an Eighth Amendment violation.

For the reasons explained above, plaintiff fails to state a claim on which relief may be granted under § 1983 based on Sheriff Choate's alleged actions on December 6th.

### 2. Sheriff Choate's Alleged Threats for Filing Grievances and Medical Requests

Plaintiff's second claim against Sheriff Choate arises under the First Amendment in that it pertains to plaintiff's constitutional right to file grievances and medical requests. A prisoner has an "'undisputed First Amendment right to file grievances . . . .'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th

Cir. 2010)(citation omitted). For reasons previously discussed, a prisoner has a constitutionally protected right to seek medical care as well.

Mere threats and verbal abuse of the sort described generally do not give rise to an actionable claim under § 1983. *Bruederle v. Lousville Metro Govt.*, 687 F.3d 771, 779 (6th Cir. 2012)(citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Plaintiff must show that the alleged threats resulted in actual harm to him of a constitutional magnitude. *See e.g., Center for Bio-Ethicl Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011). In other words, as noted above, plaintiff must establish that the alleged threats translated into actual actions of a retaliatory nature. A subjective fear that some kind of harm might occur is insufficient to state a claim under § 1983. *See e.g.*, *White v. U.S.*, 601 F.3d 545, 554 (6th Cir. 2010); *see also Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988).

Plaintiff testified in his June 28, 2012 deposition that Sheriff Choate allegedly threatened him the day he returned to the Fentress County Jail from the Overton County Jail. (Doc. 128, pp. 76-77) Plaintiff returned to the Fentress County Jail on September 28, 2010. (Doc. 132-1, ¶ 30) Based on the foregoing, it is apparent that Sheriff Choate made the alleged threats on September 28, 2010. For the reasons previously explained, *supra* at pp. 4-6, this claim is barred by the statute of limitations because the alleged threats were made prior to November 20, 2010.

Even if it were determined upon review that this claim is not barred by the statute of limitations, the claim itself is conclusory because, apart from the naked claim that Sheriff Choate threatened him, plaintiff does not allege and show, nor can it be liberally construed from the complaint or the record, that Sheriff Choate took any action to follow up on those threats. As noted above, mere threats alone are not actionable under § 1983.

Plaintiff also does not argue that the alleged threats produced a chilling effect on his

willingness to engage in the constitutionally protected conduct at issue. The record shows, and plaintiff admits, that he filed grievances and medical requests throughout the period following the date of the alleged threats. (Doc. 1, pp. 8, 13-15; Doc. 128, p. 84; Doc. 132-1, ¶¶ 32, 34, 36, 37, 42, Ex. A, R-T, DD-HH, KK; Doc. 140, Ex. 2, pp. 1, 5-7; Ex. 3; Doc. 141, Ex. 3-4; Doc. 155, ¶¶ 49, 51, 56; Doc. 156, pp. 5-6; Doc. 234, ¶¶ 33-35, 41-42, 48, 50; Doc. 235, ¶¶ 43, 52)

For the reasons explained above, plaintiff fails to state a claim on which relief may be granted under § 1983 based on the allegations that Sheriff Choate threatened him if he filed any more grievances or medical requests.

### 3. Alleged Deliberate Indifference

Plaintiff's third claim against Sheriff Choate also arises under the Eighth Amendment. However, as previously shown, *supra* at p. 9, the evidence in the record supports the conclusion that Sheriff Choate did not know about plaintiff's alleged medical problems.

As previously established, a successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his constitutional rights. *See Daniels*, 474 U.S. at 333-36; *Rainey v. Patton*, __ Fed.Appx. __, 2013 WL 4105650 (6th Cir. (Ohio)(citing *Ahlers*, 188 F.3d at 373). If Sheriff Choate did not know of plaintiff's medical problems, then Sheriff Choate could not have acted knowingly and/or intentionally. Absent knowledge and/or intent, there is no Eighth Amendment violation.

The fact that Sheriff Choate's subordinates may have known does not impute liability to him under the doctrine of *respondeat superior*. Liability under §1983 cannot be premised solely on a theory of *respondeat superior*, or the right to control employees. *See Ashcroft v. Iqbal*, 557 U.S. 662, 676 (2009)(citing *Monell v. Dept. of Social Serv's of the City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)(citing *Hays*

*v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir.1982)). Each government official, through their own actions, must be shown to have violated the Constitution or laws of the United States. *Ashcroft*, 556 U.S. at 676.

Even if Sheriff Choate knew, or should have known, of plaintiff's medical issues, the Supreme Court has held that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105–06. For example, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where, as here, a prisoner has received some medical attention, but disputes the adequacy of that treatment, the "federal courts are reluctant to second-guess the medical judgments and constitutionalize claims that sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

The record abounds with evidence from which a reasonable juror could conclude that plaintiff received continuing medical care during the period at issue. (Doc. 128, pp. 86, 100-01; Doc. 132-1, ¶¶ 32-33, 35, 38-40, 42-43, Ex. A, DD-EE, KK) Not only did plaintiff testify at his June 28, 2012 deposition that he was seen by Nurse Smith alone "[s]ometimes more than once a month" throughout the year 2010, he states in one of his supplemental pleadings that he "received all kinds of medication at the Jail prescribed . . . by Faye Smith." (Doc. 128, p. 44; Doc. 234, p. 8)

Because plaintiff received medical care during the period in question, and because he merely

disputes the adequacy of that care, plaintiff fails to state a claim on which relief may be granted under § 1983 based on allegations that Sheriff Choate was deliberately indifferent to his serious medical needs.

### C. Plaintiff's Claims Against Sheriff Choate in His Official Capacity

A sheriff sued in his official capacity is deemed to be a suit against the county. *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon v. Holt*, 469 U.S. 464 (1985)). However, a county cannot be held responsible for an alleged constitutional violation by its Sheriff in his official capacity unless there is a direct causal link between a municipal policy or custom and the violation of constitutional rights alleged. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Buederle*, 687 F.3d at 777.

It is not necessary to determine whether there was a causal link between Sheriff Choate's alleged actions and a related county policy and/or custom. Because Sheriff Choate did not violate plaintiff's rights in his individual capacity, there is no liability to impute to the County of Fentress through Sheriff Choate in his official capacity. Consequently, plaintiff fails to state a claim on which relief may be granted under §1983 against Sheriff Choate in his official capacity.

### D. Claims Against Nurse Smith in Her Individual Capacity

Plaintiff makes the following specific claims against Nurse Smith in his complaint: **1)** Nurse Smith told plaintiff that, although he "need[ed] medical treatment & tests" for his gallbladder, the tests "had to be done after [his] release," and that "the county should not have to pay for" his treatment; (Doc. 1, ¶ IV, p. 7); **2)** although he "begged and pleaded to be treated," Nurse Smith "denied [him] access to medical treatment because 'the county should not have to pay for it'" (Doc. 1, ¶ IV, p. 8); **3)** although Nurse Smith told plaintiff that he "needed a special diet [he] was never

13

placed on such [a] diet which ma[de] the condition worse and more painful" (Doc. 1, ¶ IV, p. 8).

### 1. Plaintiff's First Two Claims Against
### Nurse Smith

Plaintiff's first two claims against Nurse Smith constitute allegations of deliberate indifference to his serious medical needs. As previously established, *supra* at pp. 12-13, the record shows that plaintiff received medical care – through Nurse Smith – throughout the period in question, but that he disputes the adequacy of that care. Just as plaintiff fails to state an Eighth Amendment claim on which relief may be granted under § 1983 against Sheriff Choate on these grounds, plaintiff's first two claims against Nurse Smith must fail for the same reasons.

### 2. Alleged Failure to Order Plaintiff
### a Special Diet

The failure to order a special diet where a prisoner's medical condition requires one may rise to the level may rise to the level of an Eighth Amendment violation. *See Byrd v. Wilson*, 701 F.2d 592, 594-95 (6th Cir. 1983). Plaintiff does not allege that Nurse Smith refused to order a special diet for him, or that by act and/or omission she was responsible because he did not receive it. On the contrary, plaintiff testified in his June 28, 2012 deposition that Nurse Smith did order a special diet for him – unnamed and unidentified officials at the Fentress County Jail never provided it. (Doc. 128, p. 56) As previously established, *supra* at p. 12, Nurse Smith is not liable under § 1983 for the alleged acts and/or omissions of others. Consequently, plaintiff fails to state a claim on which relief may be granted under §1983 against Nurse Smith on these grounds as well.

### E. Plaintiff's Claims Against Nurse Smith
### in Her Official Capacity

For the reasons previously explained, *supra* at pp. 13-14, because Nurse Smith is not liable to plaintiff under § 1983 in her individual capacity, there is no liability to impute to the County of

Fentress and, as such, the County of Fentress is not liable to plaintiff under § 1983 through Nurse Smith in her official capacity. Plaintiff fails to state a claim on which relief may be granted under § 1983 against Nurse Smith in her official capacity.

## IV. CONCLUSIONS

Plaintiff has failed to state a claim on which relief may be granted under § 1983 against defendants, in either their individual or official capacity, on any aground alleged. Because plaintiff is proceeding *in forma pauperis*, this action also is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[4] Finally, dismissal of this case should be counted as a "strike" under 28 U.S.C. 1915(g).

## V. RECOMMENDATION

For the reasons explained above, the Magistrate Judge recommends that: 1) defendants' motions for summary judgment (Docs. 124, 139) be **GRANTED**; 2) this case be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983; 3) the order accepting and adopting this R&R constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3); 5) any pending motions be **TERMINATED** as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing those objections shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response. Failure to file specific objections within fourteen (14) days of receipt of this R&R may

---

[4] Upon review, a recommendation could have been made upon initial review to dismiss this case under 28 U.S.C. § 1915A due to the conclusory nature of plaintiff's claims.

constitute a waiver of further appeal of this R&R.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 30th day of December, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge